### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

FERNANDO TOLENTINO,
    *Petitioner*,

    v.                                                No. 3:21-cv-1090 (VAB)

UNITED STATES OF AMERICA,
    *Respondent.*

### RULING AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Fernando Tolentino, Jr., ("Mr. Tolentino"), currently incarcerated at Federal Correctional Institution Berlin in Berlin, New Hampshire, and proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* Mot. to Vacate, Set Aside, or Correct Sent., ECF No. 1, (Aug. 12, 2021) ("Mot.").

Mr. Tolentino puts forth a claim for ineffective assistance of counsel and violation of his constitutional rights on two separate grounds.

For the following reasons, Mr. Tolentino's motion is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

On July 12, 2017, a grand jury returned a 33-count indictment against Mr. Tolentino and 13 co-conspirators, charging them with various narcotics and firearm offenses. Specifically, and as it relates to Mr. Tolentino, the indictment charged him in four counts: (1) Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(i) ("Count 1"); (2) Possession with Intent to Distribute and

---

[1] For the factual and procedural background of this case, the Court has relied on the related criminal matter, *United States v. Cordero, et al.*, No. 3:17-cr-00150-VAB-8.

1

Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 ("Count 11"); (3) Possession with Intent to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i) and 18 U.S.C. § 2 ("Count 18"); and (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) ("Count 19").

On May 11, 2018, Mr. Tolentino entered a guilty plea to the lesser included offense in Count One, charging him with Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin. *See* Plea Agreement, No. 3:17-cr-00150 (VAB), ECF No. 209 (May 11, 2018) ("Plea Agm't"). The offense carried a maximum penalty of 40 years imprisonment and a mandatory minimum of five years imprisonment. *Id.* at 2. In his plea agreement, Mr. Tolentino waived his right to appeal or to attack the conviction collaterally, if his sentence did not exceed 188 months of imprisonment and four years of supervised release, among other conditions. *Id.* at 6.

At a sentencing hearing on August 27, 2020, the Court found that Mr. Tolentino's total offense level was 29 and his criminal history category was VI, which resulted in a Sentencing Guidelines range of 151 to 188 months' imprisonment; four to five years in terms of supervised release; ineligibility for probation; a fine of $30,000 to 5 million, and a mandatory special assessment of $100. *See* Tr. Sent. Hrg. at 7:4–7:12, No. 3:17-cr-00150 (VAB), ECF No. 650 (Jan. 14, 2021) ("Sent. Tr.").

The Court sentenced Mr. Tolentino to a term of 108 months' imprisonment, below the Sentencing Guidelines range; a four-year term of supervised release; and a special assessment of $100. *Id.* at 27:13–31:22. On December 7, 2020, Mr. Tolentino filed a direct appeal and a request for new counsel despite his previous appeal waiver. *See* Notice of Appeal, No. 3:17-cr-00150-8

2

(VAB), ECF No. 627 (Dec. 7, 2020). The appeal was subsequently withdrawn. *See* Mandate of

USCA, No. 3:17-cr-00150 (VAB), ECF No. 733 (July 15, 2021).

### B.  Procedural History

On August 12, 2021, Mr. Tolentino moved to vacate, set aside, or correct his sentence.

*See* Mot. In his motion, Mr. Tolentino suggests two grounds on why his constitutional rights

have been violated, all pertaining to ineffective assistance of counsel. *Id.* at 4. Mr. Tolentino

requests that the Court set aside his sentence and remand for resentencing to "[h]onor the

original plea agreement proposed by Attorney Justin Smith," in which Mr. Tolentino asked the

Court for a sentence of 72 months' imprisonment. *Id.* at 12. *See* Def. Sent. Memo, 3:17-cr-00150

(VAB), ECF. No. 568 (July 16, 2020) ("Def. Mem.").

On February 15, 2022, the Government submitted its opposition to the motion to vacate,

set aside, or correct Mr. Tolentino's sentence. *See* Gov't Mem. in Opp'n to Mot. to Vacate, Set

Aside or Correct Sentence, ECF No. 10 ("Opp'n").

## II.    STANDARD OF REVIEW

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255

"where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the

United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3)

exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral

attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). The "petitioner[ ] bear[s] the

burden of proving, by a preponderance of the evidence, that they are entitled to relief." *Blackmon*

*v. United States*, No. 3:16-cv-1080 (VAB), 2019 WL 3767511, at *4 (D. Conn. Aug. 9, 2019)

(citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

Review on a § 2255 motion should be "narrowly limited." *Id.* (citing *Graziano v. United*

*States*, 83 F.3d 587, 590 (2d Cir. 1996)). "A federal prisoner may not use a section 2255 petition to relitigate questions that were expressly or impliedly resolved during a direct appeal, unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Patterson v. United States*, No. 2:16-cv-1052 (SRU), 2020 WL 3510810, at *1 (D. Conn. June 29, 2020) (citing *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2013)) (internal quotation marks omitted). "A petitioner is also barred from raising a claim on habeas review that was not properly raised on direct review unless the petitioner is able to show 'cause and actual prejudice' or 'actual innocen[ce].'" *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (alterations in original).

"A petitioner may, however, bring a claim of ineffective assistance of counsel that was not raised previously at trial or on appeal." *Id.* (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a plausible claim . . . not that he will necessarily succeed on the claim." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (internal quotation marks omitted). "He must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Burke v. United States*, No. 3:18-cv-718 (MPS), 2019 WL 3037079, at *2 (D. Conn. July 11, 2019). Finally, where the petitioner is a *pro se*, courts must liberally construe the petitioner's filings to raise the "strongest arguments [they] suggest[ ]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

Section 2255 provides that a district court should grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255(b). However, "[i]t is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). In making this decision, district courts may "exercise their common sense," *Machibroda v. United States*, 368 U.S. 487, 495 (1962), and draw upon personal knowledge and recollection of the case, *see Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1997); *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990). "Thus, a § 2255 petition may be dismissed without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017).

## III.    DISCUSSION

When evaluating a petitioner's ineffective assistance of counsel claims, courts assess whether "(1) counsel's performance fell below an objective standard of reasonableness; and (2) the deficient representation prejudiced the defendant. *United States v. Gahagen*, 44 F.4th 99, 107 (2d Cir. 2022) (citing *Strickland*, 466 U.S. at 687-88).

Because Mr. Tolentino is *pro se*, the Court will liberally construe his filings to raise the "strongest arguments [they] suggest[ ]." *Triestman*, 470 F.3d at 474. Here, the Court construes Mr. Tolentino's § 2255 as raising two claims. First, Mr. Tolentino claims that his counsel failed to properly advise him with respect to the plea agreement he entered into with the Government. *See* Mot. at 13–14. Second, Mr. Tolentino suggests that his plea agreement was not knowing and voluntary because until he was sentenced, he was under the impression that he was exchanging his guilty plea for a five-year sentence. *Id.* at 15.

The Court will address each of these claims in the turn.[2]

---

[2] The Government points out that Mr. Tolentino waived his right to appeal or collaterally attack his conviction if, among other factors, his sentence does not exceed 188 months of imprisonment and four years of supervised release.

### A.  Counsel's Alleged Failure to Advise Mr. Tolentino as to the Plea Agreement

Mr. Tolentino claims that his counsel was ineffective because he failed to properly advise him before Mr. Tolentino entered a guilty plea.

First, Mr. Tolentino contends that his counsel advised him to sign the Stipulation of Offense Conduct section of his plea agreement, even though it said that Mr. Tolentino would be accepting a sentence "much . . . greater than the mandatory minimum of five years." Mot. at 14. *See id.* ("After reading through the terms and conditions of the agreement, I pointed out to attorney Smith what did the 'Stipulation' section read that by signing and agreeing to the proposal, I would be accepting a sentence much great than  the mandatory minimum sentence of 5 years (60 months))."

Second, Mr. Tolentino contends that his counsel "emphatically assured" him that he would get a below-guidelines sentence because the Court and the Government understood that he played a minor role in the conspiracy. *Id*. According to Mr. Tolentino, his counsel informed him that if he "successfully complete[d] the [substance abuse] the program that court was not going to sentence [him] to the 155 to 180 month range." *Id.* Instead, Mr. Tolentino explains, the Court "[s]urprisingly . . . sentenced [him] to 108 months." *Id.* at 15.

The Government responds that "[t]here is nothing in the Stipulation of Offense Conduct that states or even suggests that Tolentino is accepting *any sentence*, whether it is a sentence that is

---

See Opp'n at 12–13, Plea Agm't at 6. The government argues that because Mr. Tolentino was sentenced well below 188 months, he is precluded from collaterally attacking his conviction. *See* Opp'n at 13.

"[A] plea agreement containing a waiver of the right to appeal[,]" however, "is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." *United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam). This is because "the very product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective assistance of counsel." *Id.* at 114. (internal quotations and citation omitted). *See also Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) ("An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where claim concerns the advice the defendant received from counsel." (quotation marks, alterations, and citation omitted). Because Mr. Tolentino attacks "the constitutionality of the process by which he waived his right to appeal," his claims may be heard notwithstanding the waiver. *Id.*

6

'much more greater than' 5 years or any other sentence." Opp'n at 15. The Government further

notes that when the Stipulation was presented to him during his Change of Plea hearing, Mr.

Tolentino "expressly agreed" with the substance and the "factual statements" therein. *Id.* at 15–

16.

Finally, the Government argues, "[r]egardless of the sentence that the Court ultimately

imposed, . . .  the Court ensured that Tolentino understood, among other things, . . . that no one

would know what the ultimate sentence would be until the day of sentencing." Opp'n at 14.

According to the Government, Mr. Tolentino therefore has no plausible claim of ineffective

assistance of counsel with respect to the substance of the plea agreement because he "cannot

show that his counsel's performance fell below objective standards of reasonableness or that he

was prejudiced by his counsel's defective performance." *Id.* at 18.

The Court agrees.

First, the Stipulation section of Mr. Tolentino's plea agreement memorializes the fact that

the parties entered into a Stipulation of Offense Conduct. *See* Plea Agm't at 11. That section

recounts the criminal conduct that gave rise to Mr. Tolentino's agreement to plead guilty and is

signed by Mr. Tolentino. The first paragraph of the Stipulation section states that "[t]he

defendant understands that this stipulation is not binding on the Court." *Id.* at 5. There is nothing

in the record to suggest that defense counsel challenging the Stipulation would have resulted in a

further reduction of Mr. Tolentino's sentence. *See Flaquer v. United States*, No. 3:11-cv-713

MRK, 2011 WL 6010254, at *7 (D. Conn. Dec. 1, 2011) (finding the defendant could not

demonstrate prejudice under *Strickland* where "[n]othing in the record indicates that the

sentencing court" solely based its determination on a challenged fact).

Second, the plea agreement plainly states that Mr. Tolentino "understands that the Court

is not bound by this agreement on the Guideline ranges specified" specified in the agreement.

Plea Agm't at 6. Indeed, during his plea hearing on May 11, 2018, the Court informed Mr.

Tolentino as such:

> THE COURT: . . . in deciding what sentence to impose, I will very strongly consider, but I'm not bound by, what you and the government have agreed to regarding sentencing in your plea agreement. Therefore, you won't know your sentence until the day of sentencing. And if I calculate your sentence differently from what the sentencing guidelines suggest or from what you and the government agreed to or from what you hoped for, this does not allow you have the sentence cancelled, to withdraw your guilty plea and to have the case go to trial. Do you understand that, sir?
>
> MR. TOLENTINO: Yes, your Honor.
>
> THE COURT: Do you understand that I can impose a sentence more severe than you expect?
>
> MR. TOLENTINO: Yes, your Honor.
>
> THE COURT: Do you have any questions about what I have explained about how your sentencing will be determined?
>
> MR. TOLENTINO: No, your honor.

Transcript of Plea Hearing at 25, 3:17-cr-00150-1 (VAB), ECF No. 649 (January 14, 2021)

("Plea Tr.").

Following the hearing, Mr. Tolentino's counsel also submitted a Sentencing

Memorandum to the Court on July 16, 2020, asking the Court to depart significantly from the

Sentencing Guidelines of 151-188 months. *See* Def. Mem. at 1. The Memo included mitigating

circumstances as to Mr. Tolentino's troubled youth, history of drug addiction, and success with

substance abuse treatment. *Id.* at 1-6. The Memo requested that the Court sentence Mr. Tolentino

to 72 months. The Court ultimately imposed a 108-month sentence, well below the guideline

range of 151-188 months. *See* Sent. Tr. at 27:14–27:18 ("THE COURT: For the reasons I have

explained, and what has not been stated expressly is implicit in all of the various factors I have

considered, as I said I will do a sentence below the guidelines of 151 to 188, and I will go down to 108 months.").

Accordingly, because Mr. Tolentino sets forth no facts showing that his counsel's conduct "fell below an objective standard of reasonableness" or amounted to incompetence "under prevailing professional norms" as required by *Strickland*, this claim for ineffective assistance of counsel must fail. *See also United States v. Graham,* 51 F.4th 67, 76 (2d Cir. 2022) ("As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford." (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010)).

### B.  The Allegedly Involuntary and Unknowing Plea

Mr. Tolentino next suggests that his guilty plea was not knowing and voluntary.

"[A] guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently." *United States v. Yang Chia Tien*, 720 F.3d 464, 468 (2d Cir. 2013). A defendant's plea is considered voluntary when "it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). A plea is considered intelligent when "the [defendant] had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way[.]" *Id.*

The Supreme Court has stated that, "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). But where a petitioner claims that his plea was rendered

involuntary because of ineffective assistance of counsel, that claim must be analyzed under Strickland's two-part test. *See id* (applying the two-part *Strickland* test where the petitioner claimed that his plea was involuntary because "his attorney supplied him with information . . . that was erroneous").

In essence, a petitioner cannot avoid *Strickland* by disguising ineffective assistance claims as involuntary plea claims. *See Hanks v. United States*, No. 3:17-cv-00751 (JCH), 2019 WL 135558, at *9 (D. Conn. Jan. 8, 2019), (citing *Forest v. United States*, No. CIV A 3:08-cv-777 (JCH), 2008 WL 5329296, at *3 (D. Conn. Dec. 18, 2008)). Instead, *Strickland* applies whenever a petitioner's involuntary plea was the product of ineffective assistance of counsel. *See United States v. Hultman*, No. 3:00-cr-13 (JBA), 2004 WL 1920696, at *3 (D. Conn. Aug. 25, 2004).

Mr. Tolentino suggests that his plea was not entered into knowingly or voluntarily because he was "under the impression [that he] was still exchanging [his] guilty plea for a 5-year sentence[]"). Mot. at 15. Instead—and to his alleged surprise—the "Court sentenced [him] to 108 months." *Id.*

The Government responds that Mr. Tolentino's claim that he did not "knowingly and voluntarily" enter into the plea agreement is "without merit." Opp'n at 13. It asserts that at Mr. Tolentino's "guilty plea hearing and before [he] entered his guilty plea, the Court ensured" that Mr. Tolentino was aware and understood the substance of the plea agreement. *Id.* at 14 (citing Plea Tr. at 19-25). The Government therefore concludes that "the record amply demonstrates that Tolentino understood the sentencing process, and that his guilty plea was knowing and voluntary." *Id.* at 15.

The Court agrees.

The record in this case makes clear that Mr. Tolentino knew of the sentencing possibilities both in his written plea agreement and at his plea hearing. Specifically, before accepting his guilty plea, the Court informed Mr. Tolentino: (1) what the maximum and minimum sentences the Court could impose; (2) the 18 U.S.C. § 3553(a) factors that the Court is required to consider before imposing his sentence; (3) the need to consider the guidelines and the Court's authority to depart or vary upward or downward from the guidelines; (4) the need for the Court to consider the presentence report, along with the presentations and the arguments made by both parties; and (5) that no one would know what the ultimate sentence would be until the day of sentencing. *See* Plea Tr. at 22:18–25:13.

Significantly, Mr. Tolentino confirmed that he understood, in pleading guilty, he might receive "a sentence more severe" than he expected. Plea Tr. at 25:15–25:18. Under our system, "'bald statements that simply contradict what [a petitioner] said at his plea allocution are not sufficient grounds to withdraw [a] guilty plea' and may be rejected summarily[.]" *United States v. Freeman*, 17 F.4th 255, 265 (2d Cir. 2021) (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). *See also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Accordingly, all of Mr. Tolentino' claims fail because he does not offer any new facts showing that counsel's performance amounted to incompetence under "prevailing professional norms" or that counsel's performance was erroneous to "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 688, 694.

## IV.    CONCLUSION

For the reasons explained above, Mr. Tolentino's motion to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255 is **DENIED** without a hearing.[3]

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of February, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[3] Mr. Tolentino's claims "are insufficient as a matter of law[,]" *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017), and therefore the Court will dismiss his petition without holding a hearing. *See Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) ("It is within the district court's discretion to determine whether a hearing is warranted[]" when addressing a § 2255 petition.).